**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<table>
<tr><td>CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE</td><td>MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903</td></tr>
</table>

November 20, 2025

Bejamin J. DiLorenzo
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Suite 301
Florham Park, NJ 07932
*Counsel for Plaintiffs*

Stuart Komrower
Cole Schotz, P.C.
25 Main Street
P.O. Box 800
Hackensack, NJ 07601
*Counsel for Defendant Cole Schotz, P.C.*

Ronald Wronko
134 Columbia Turnpike
Florham Park, NJ 07932
*Counsel for Defendants Ronald Wronko, John Klein,
and Lenora Gavalas*

Adam Garcia
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road
Suite 300
Red Bank, NJ 07701
*Counsel for Defendant Gregory Simonian*

Jordan M. Anger
Office of the U.S. Attorney
970 Broad Street
7th Floor
Newark, NJ 07102
*Counsel for Defendant The United States of America*

Mark Adams
14 Old Garden Road
Rockport, MA 0196
*Pro se Plaintiff*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *NRK of New Jersey, Inc. v. Cole Schotz, P.C.*, Civ. No. 25-2781 (SDW) (AME)**

Counsel:

Before this Court are Plaintiffs NRK of New Jersey, Inc. d/b/a Prominent Properties Sotheby's International Realty ("NRK") and Dennis McCormack's Motion for Interpleader Deposit (D.E. 2) and Defendants Ronald J. Wronko, Jr., Esq., LLC, John Klein, and Lenora Gavalas's ("Moving Defendants") Motion for Summary Judgment ("MSJ") (D.E. 19) pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1335 and § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). For the reasons set forth herein, the Motion for Interpleader Deposit and the Motion for Summary Judgment are both **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.[1]

#### A. Factual Background

Plaintiffs NRK and Dennis McCormack ("Plaintiffs") initiated the instant interpleader action against ten Defendants—Cole Schotz, P.C. ("Cole Schotz"); Ronald J. Wronko, Jr., Esq., LLC ("the Wronko Firm"); Mark Adams; AV Select Investments, LLC; Gregory Simonian; Wade Hartman; Frank Edward Smith; John Klein; Lenora Gavalas; and the United States of America in an effort to "resolve conflicting claims and potential rights" to $150,000 in settlement funds ("the Settlement Funds"). (D.E. 1 ("Compl.") ¶¶ 19, 33.)

In August 2021, John Klein and Lenora Gavalas sued NRK in New Jersey Superior Court, Bergen County ("the Superior Court action"). (Compl. ¶ 17.) Ultimately, the parties in the Superior Court action settled and memorialized said settlement in a Release and Settlement Agreement ("the Agreement"). (*Id.* ¶ 19.) At the heart of this interpleader action is the following clause contained in the Agreement:

> Lenora and John hereby irrevocably grant to Cole Schotz a security interest in and against their claims as Plaintiffs in the Litigation to the extent of the first One Hundred Fifty Thousand $150,000.00 of any Litigation Recovery and any proceeds

---

[1] Citations to "D.E." refer to docket entries in the Court's Electronic Case Filing System for this matter and any internal citations contained therein.

> thereof (the "Secured Litigation Interest"), after payment or reservation of the contractual and reasonable legal fees and costs payable to their counsel Law Offices of Ronald J. Wronko ("Wronko") solely in relation to the Litigation and to any other of their professionals hired to assist solely in relation to the Litigation (the "Allowed Professional Fees"). By virtue hereof, Cole Schotz shall have a perfected, first and senior lien (subject only to the aforesaid professional costs and documented State law required Child Support Obligations that appear on a Child Support Judgment Search) on the Secured Litigation Interest, free and clear of any liens, claims, encumbrances or interests of any other person, entity or other third party herein.[2]

(D.E. 19-4, Komrower Certification Ex. F at 26.) Notwithstanding the above provision, Defendants Mark Adams, AV Select Investments, LLC, Gregory Simonian, Wade Hartman, and Frank Edward Smith—the plaintiffs in the Delaware Action—assert a claim to the Settlement Funds.[3] A Judgment Search shows the Cole Schotz judgment as docketed on March 5, 2021; the Adams judgment as docketed on February 3, 2022; and the Simonian judgment as docketed on April 8, 2024 in New Jersey Superior Court, Bergen County. (D.E. 19-4, Komrower Certification Ex. E at 23.)

Cole Schotz claims it is the only Defendant with a perfected security interest in the Settlement Funds. Relevant to that assertion, it points out that it issued a writ of execution on March 23, 2021, which the Bergen County Sheriff returned on June 6, 2023. (SOMF ¶ 10.) Additionally, on March 25, 2022, Cole Schotz filed Uniform Commercial Code ("UCC") financing statements ("UCC-1 forms") in Florida and New Jersey. (D.E. 19-4 at 37, 39–40.) In both forms filed, Cole Schotz included a schedule describing the collateral as follows:

> The Debtor's ownership interest, and all of their claims as Plaintiffs, in and relating to the [Superior Court action] (the ["]Litigation") to the extent of the first One Hundred Fifty Thousand ($150,000.00) Dollars of any recovery arising from or related to the Litigation, by way of judgment, settlement, assignment, levy, execution, or otherwise and any and all proceeds thereof after payment or reservation of the contractual and reasonable legal fees and costs payable to debtors' counsel, Law Offices of Ronald J. Wronko ("Wronko") solely in relation

---

[2] Cole Schotz represented Klein in *Adams et al. v. John H. Klein*, Civ. No. 18-1330 in the United States District Court for the District of Delaware ("the Delaware Action"). (D.E. 19-2 ("SOMF") ¶ 7.) After being relieved as counsel in the Delaware Action given Klein's "failure to pay fees," Cole Schotz sued Klein for its counsel fees in New Jersey Superior Court, Bergen County and obtained a $600,000 judgment. (*Id.* ¶¶ 8–9.) In an Assignment Agreement, Klein and Gavalas assigned their rights to the first $150,000 derived from the Superior Court Action to Cole Schotz, so long as the Wronko Firm was paid first. (D.E. 19-4, Komrower Certification Ex. G at 50.)

[3] The plaintiffs in the Delaware Action obtained the following judgment against Klein, respectively: $1,256,742.12 (Adams); $972,961.64 (AV Select Investments, LLC); $1,297,282.19 (Simonian); $648,641.10 (Hartman); and $216,213.70 (Smith). (D.E. 1 at 24–25.)

3

to the Litigation and to any other of the Debtors' professionals hired to assist solely in relation to the Litigation (the "Allowed Professional Fees").

(D.E. 19-4 at 38, 41.)

### B. Procedural History

On April 16, 2025 Plaintiffs initiated this lawsuit and filed a Motion for Interpleader Deposit. (D.E. 1 & 2.) The Motion for Interpleader Deposit seeks to deposit the $150,000 of the Settlement Funds into the Court's Registry. (D.E. 2-1 at 2.)

On May 28, 2025, Moving Defendants filed their Motion for Summary Judgment ("MSJ"). Simonian and Adams opposed the MSJ. (D.E. 26 & 28.) Moving Defendants and Cole Schotz filed replies in response.[4] (D.E. 29 & 31.)

Both Motions are ripe for adjudication.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must "set forth specific facts showing the existence of . . . an issue for trial." *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001) (citing Rule 56(e)). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record [that] supports each

---

[4] Simonian requests that this Court ignore Cole Schotz's filing because it was impermissibly filed as a reply when Cole Schotz was not the movant. (D.E. 32.) Cole Schotz is an interested party in this interpleader action and this Court believes it to be in the interest of justice to consider its submission. *See* Local R. 1.1(b) ("These Rules . . . shall be construed with the Civil Justice Reform Act of 1990 to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004) (citing *Celotex*, 477 U.S. at 322–23).

If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof[,]" then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322–23. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002) (citing *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998)).

## III. DISCUSSION

Interpleader "is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995). Generally, an interpleader action brought pursuant the federal interpleader statute, 28 U.S.C. § 1335, proceeds in two steps. *Id.* at 375. First, the district court determines whether § 1335's requirements have been met and "whether the stakeholder may be relieved from liability." *Id.* Then, the court proceeds to "adjudicate[] the defendants' adverse claims to the interpleaded fund," ultimately resolving the matter by entering judgment for the claimant legally entitled to the stake. *Id.*

Section 1335 requires the following: (1) that the amount in controversy is at least $500; (2) diverse citizenship between two or more adverse claimants; and (3) that the funds at issue have been deposited in the Court's registry. 28 U.S.C. § 1335(a). Here, the amount in controversy is $150,000 and there is diverse citizenship between two or more adverse claimants over the same funds. For example, Simonian is a New Jersey resident and Mark Adams is a citizen of Massachusetts and both have a claim pursuant to the judgment obtained in the Delaware Action. (Compl. ¶¶ 6, 8.) NRK is faced with multiple competing claims, has no interest in the Settlement Funds, and seeks to avoid multiple liability. (Compl. ¶¶ 33–36.) NRK has also petitioned this Court to deposit the Settlement Funds with the Court's Registry. *See United States Life Ins. Co. in City of New York v. Holtzman*, 723 Fed. App'x 141, 145 n.5 (3d Cir. Jan. 26, 2018) (noting that where the amount of funds at issue is undisputed district courts regularly provide "a stakeholder the opportunity to comply with the deposit requirement upon determining that the other two jurisdictional requirements have been met."). Thus, § 1335's requirements are met and NRK may be relieved from liability.

Under step two, this Court considers the parties' arguments as to whether there is a genuine issue of material fact as to who is legally entitled to and has priority over the Settlement Funds. Moving Defendants argue that there is no genuine issue of material fact as to the fact that statutorily, Defendant the Wronko Firm is entitled to $40,000 of the $150,000 settlement, and that Defendant Cole Schotz is entitled to the remaining $110,000 as it has a perfected security interest over the settlement funds. (D.E. 19-1 at 9–13.) Defendant Adams asserts that he is entitled to the remaining $110,000 because he recorded his judgment against Klein on March 8, 2022. (D.E. 26 at 2.) Simonian contends neither Cole Schotz nor the Wronko Firm have priority and asks this Court to apportion the settlement funds pursuant to equitable principles, under which Simonian claims he would be entitled to "at least a *pro rata* share." (D.E. 28 at 5–6, 12.) In response to

Simonian, Cole Schotz argues it is the only party to file a UCC-1 Financing Statement to perfect its security interest and that no other Defendant has "specifically levied on the Bergen Lawsuit." (D.E. 31 at 7.) Thus, Cole Schotz maintains there is no genuine issue of material fact as to its perfected and senior security interest in the settlement funds. (*Id.*)

Both the Agreement and the Assignment Agreement entered by Klein, Gavalas, the Wronko Firm, and Cole Schotz set forth that New Jersey law governs this dispute. (D.E. 19-4 at 29, 51.) *See also* N.J. Stat. Ann. §§ 12A:9-301(1)-(2) (setting forth that the local law of the jurisdiction where a debtor or collateral is located governs perfection, the effect of perfection or nonperfection, and the priority inquiry).

A security interest is "an interest in personal property or fixtures which secures payment or performance of an obligation." N.J. Stat. Ann. § 12A:9-203. "A security interest is perfected if it has attached and all of the applicable requirements for perfection in 12A:9-310 through 12A:9-316 have been satisfied." N.J. Stat. Ann. § 12A:9-308. For a security interest to attach to collateral, the security interest must be enforceable against the debtor. *Id.* § 12A:9-203(a). To be enforceable, the following requirements must be met: (1) value must have been given, (2) the debtor must have rights in the collateral or the power to transfer rights in the collateral to a secured party, and (3) the debtor has authenticated a security agreement that provides a description of the collateral. *Id.* § 12A:9-203(b). Generally, to perfect a security interest a financing statement must be filed. *Id.* § 12A:9-310.

This Court finds Cole Schotz's security interest has both attached and been perfected. The Agreement settled Klein and Gavalas's $600,000 debt owed to Cole Schotz as well as providing for the Wronko Firm's legal fees, thus giving value to Klein and Gavalas. Klein and Gavalas had rights in the $150,000, as they brought the lawsuit against NRK, and they transferred those rights in the Assignment Agreement. Lastly, each party to the Agreement executed the contract, which identifies that the Wronko firm is to receive the first $40,000 and Cole Schotz will receive the remaining $110,000. Cole Schotz perfected its security interest by filing financing statements in both Florida and New Jersey. Conversely, the record does not contain any evidence that Adams or Simonian perfected their security interests. Simonian's objections are unsupported under the UCC and his judgment lien is behind Cole Schotz's. In sum, Cole Schotz's security interest has priority over Adams's and Simonian's recorded judgments. *See* N.J. Stat. Ann. § 12A:9-322(a)(2) ("A perfected security interest . . . has priority over a conflicting unperfected security interest."). Consistent with the terms of the Agreement, the Wronko Firm is to be paid $40,000; Cole Schotz is entitled to the remaining $110,000.

### IV.   CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiffs' Motion for Interpleader Deposit seeking to deposit $150,000.00 into the Court's Registry and **GRANTS** the Motion for Summary Judgment, contingent on the deposit of the $150,000.00. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Andre M. Espinosa, U.S.M.J.